**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cordell v. Paden,* Slip Opinion No. 2019-Ohio-1216.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1216

THE STATE EX REL. CORDELL *v*. PADEN, SHERIFF.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cordell v. Paden,* Slip Opinion No. 2019-Ohio-1216.]**

*Mandamus—Public-records law—Public office's responses to public-records requests were either incomplete or unreasonably delayed—Writ denied—Statutory damages awarded—Costs denied.*

(No. 2017-1398—Submitted January 29, 2019—Decided April 4, 2019.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} In this original action, relator, LaDonna Cordell, seeks a writ of mandamus to compel respondent, Jeffrey Paden, the Guernsey County Sheriff ("the sheriff"), to release public records related to a 2007 criminal case against Bryan Bates. We deny Cordell's petition for a writ of mandamus and deny her request for court costs, but we award her statutory damages in the amount of $1,000.

## Facts

**{¶ 2}** On August 9, 2017, Cordell sent the sheriff a letter by regular U.S. Mail seeking public records relating to the criminal case *State v. Bates*, Guernsey C.P. No. 07 CR 117, including copies of scientific tests, as well as the scientists' notes and reports, police investigative records and work product, and any witness statements. In response, the sheriff sent Cordell an incident report from a search warrant that had been executed against Bates pursuant to the sheriff's office's continuing criminal investigation against him. While the incident report possibly addressed one of Cordell's requests, there is no evidence that the sheriff included a responsive letter with the incident report addressing Cordell's other five record requests.

**{¶ 3}** Cordell claimed that the incident report was nonresponsive. So on August 18, 2017, she sent a second request by certified mail. The sheriff did not respond to that second request.

**{¶ 4}** On October 5, 2017, Cordell filed an original action in this court seeking a writ of mandamus to compel the sheriff to provide the requested records.

**{¶ 5}** In November 2017, while the mandamus action was pending, the sheriff—through the Guernsey County Prosecuting Attorney—provided Cordell with Bates's "file" and the same incident report that the sheriff had sent to Cordell in August. The prosecuting attorney also informed Cordell that other agencies— not the Guernsey County Sheriff's Office—had conducted the forensic tests and that certain documents were not subject to disclosure.

**{¶ 6}** Cordell continued requesting the records, and the sheriff continued responding that other than the incident report, his office had no additional records and that other requested records were exempt from disclosure.

## Legal Analysis

**{¶ 7}** Mandamus is the appropriate remedy by which to compel compliance with Ohio's Public Records Act, R.C. 149.43. *See State ex rel. Physicians Commt.*

*for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6. The Public Records Act "is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records." *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996).

{¶ 8} The parties do not dispute that the sheriff's office is a "public office" subject to the requirements of the Public Records Act. R.C. 149.011(A). The sheriff, however, has "no duty to create or provide access to nonexistent records." *State ex rel. Lanham v. Smith*, 112 Ohio St.3d 527, 2007-Ohio-609, 861 N.E.2d 530, ¶ 15. It is Cordell's burden to prove, by clear and convincing evidence, that the records that she requested exist and are public records maintained by the sheriff's office. *State ex rel. Gooden v. Kagel*, 138 Ohio St.3d 343, 2014-Ohio-869, 6 N.E.3d 1170, ¶ 8. "[U]nlike in other mandamus cases, '[r]elators in public-records mandamus cases need not establish the lack of an adequate remedy in the ordinary course of the law.' " (Second brackets sic.) *State ex rel. Kesterson v. Kent State Univ.*, ___ Ohio St.3d ___, 2018-Ohio-5110, ___ N.E.3d ___, ¶ 12, quoting *State ex rel. Am. Civ. Liberties Union of Ohio v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 24.

{¶ 9} Cordell argues that because the state could not have arrested and convicted Bates without forensic tests, witness statements, investigative reports, etc., those records must exist. But the sheriff has repeatedly informed Cordell that (1) his office did not conduct any of those tests and therefore does not have the results and (2) other state or federal agencies that may have conducted the tests would likely have custody of any test results.

{¶ 10} Because Cordell has failed to prove that the requested records exist or that they are in the custody of the sheriff's office, she cannot show that she has a legal right to the production of any additional records or that the sheriff has a legal

duty to produce any additional records. *Gooden* at ¶ 8. Accordingly, Cordell's mandamus claim for the production of records is denied. *Kesterson* at ¶ 18.

{¶ 11} Cordell also requests statutory damages and court costs. We apply the version of R.C. 149.43 that was in effect at the time that she made her records requests. *State ex rel. Kesterson v. Kent State Univ.*, ___ Ohio St.3d ___, 2018-Ohio-5108, ___ N.E.3d ___, ¶ 11, fn. 1. R.C. 149.43(C)(2) provides for statutory damages of $100 per business day, up to $1,000, if a court determines that the public office "failed to comply with an obligation in accordance with division (B) of this section." The primary duty of a public office when it has received a public-records request is to promptly provide any responsive records within a reasonable amount of time and when a records request is denied, to inform the requester of that denial and provide the reasons for that denial. R.C. 149.43(B)(1) and (3).

{¶ 12} Whether the sheriff complied with his statutory duty to respond within a reasonable period of time to Cordell's requests "depends upon all of the pertinent facts and circumstances." *State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 10. Cordell bears the burden of demonstrating that the sheriff's response to her public-records requests was unreasonably delayed. *State ex rel. Dispatch Printing Co. v. Johnson*, 106 Ohio St.3d 160, 2005-Ohio-4384, 833 N.E.2d 274, ¶ 44.

{¶ 13} Regarding Cordell's first records request, Cordell has shown that the sheriff's response was incomplete. Other than sending the incident report, which was arguably responsive to one category of records, there is no evidence that the sheriff responded to the rest of Cordell's public-records requests. And the sheriff failed to respond to Cordell's second request until almost three months after Cordell made the request by certified mail and approximately 43 days after she filed her mandamus petition, making the sheriff's second response unreasonably delayed. The sheriff was obligated to provide the relevant records that he had and to state clearly that no additional records were in his custody. This court has previously

4

awarded statutory damages when a public office ignored a records request for several months. *State ex rel. DiFranco v. S. Euclid*, 138 Ohio St.3d 367, 2014-Ohio-538, 7 N.E.3d 1136, ¶ 21 (statutory damages appropriate after a two-month delay).

{¶ 14} Under R.C. 149.43(C)(2), Cordell is entitled to the maximum amount of statutory damages: $1,000. Statutory damages may be reduced when, based on the statutory law and case law at the time, a well-informed public official would reasonably believe that his failure to provide the records was not in violation of the Public Records Act, R.C. 149.43(C)(2)(a), or that his failure to provide the records would "serve the public policy that underlies the authority that is asserted as permitting that conduct or threatened conduct," R.C. 149.43(C)(2)(b). The sheriff has provided this court with no explanation why he failed to appropriately respond to Cordell's requests within a reasonable period of time. *See, e.g.*, *Kesterson*, ___ Ohio St.3d ___, 2018-Ohio-5110, ___ N.E.3d ___, at ¶ 32 (statutory damages awarded when the university did not fully respond to a request until four months after the mandamus complaint was filed). Therefore, we find no basis to reduce the amount of statutory damages awarded in this case.

{¶ 15} Cordell is not, however, entitled to court costs. At the time of her records requests, the Public Records Act allowed for an award of court costs only if "the court orders the public office or the person responsible for the public record to comply with division (B) of this section." R.C. 149.43(C)(3)(a)(i). Accordingly, because we are denying Cordell's mandamus claim, we also deny her request for court costs. *See Kesterson*, ___ Ohio St.3d ___, 2018-Ohio-5110, ___ N.E.3d ___, at ¶ 33.

{¶ 16} Moreover, we deny Cordell's three additional motions. First, we deny her motion to strike the sheriff's merit brief for noncompliance with S.Ct.Prac.R. 16.02(B). We are able to "complete our work in this case using the briefs before us." *Physicians Commt. for Responsible Medicine*, 108 Ohio

St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, at ¶ 14. Second, because original actions in mandamus are not generally set for oral argument, S.Ct.Prac.R. 17.01, we deny as moot Cordell's motion to "waive oral arguments." Finally, because there is no "demand for oral argument" on this court's docket, we deny as moot Cordell's motion to strike the sheriff's "demand for an oral argument."

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

LaDonna Cordell, pro se.

Joel Blue, Guernsey County Prosecuting Attorney, and James R. Skelton, Jason R. Farley, and Melissa R. Bright, Assistant Prosecuting Attorneys, for respondent.

_____