[Cite as *State ex rel. Bloodworth v. Toledo Corr. Inst.*, 2022-Ohio-346.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio, ex rel. Ronald
Bloodworth

      Relator

v.

Toledo Correctional Institution, et al.

      Respondents

Court of Appeals No.  L-21-1146

**<u>DECISION AND JUDGMENT</u>**

Decided:  February 2, 2022

* * * * *

Ronald Bloodworth, Pro se.

Dave Yost, Ohio Attorney General, and
Mark W. Altier, Principal Assistant Attorney
General, for respondents.

* * * * *

**MAYLE, J.**

**{¶ 1}** This case is before the court upon the brief of respondents, Toledo

Correctional Institution ("TCI") and Sonrisa Sehlmeyer, filed on December 15, 2021,

under 6th Dist.Loc.App.R. 6(B).  Relator, Ronald Bloodworth, has not filed a brief.  For

the following reasons, we dismiss Bloodworth's complaint for writ of mandamus.

{¶ 2} Bloodworth is an inmate at TCI. On August 4, 2021, he filed a complaint for a writ of mandamus under R.C. Chapter 2731, asking that we order respondents to provide records he sought under R.C. 149.43. Among the records he requested were outgoing legal mail logs, cash slips, and monthly mail reports for Lebanon Correctional Institution ("LCI") for specified time periods. He maintained that these documents had not been produced.

{¶ 3} In a decision dated August 26, 2021, we issued an alternative writ requiring respondents to either do the act requested by relator in the petition or show cause why they are not required to do so by filing an answer to relator's petition pursuant to Civ.R. 8(B) or a motion to dismiss relator's petition pursuant to Civ.R. 12.

{¶ 4} Respondents filed a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. They argued in their motion that Bloodworth's complaint and the documents attached to it demonstrate that the records he requested are maintained not by TCI, but by LCI. Respondents claimed that they are not the persons or entities responsible for maintaining the records for LCI, therefore, Bloodworth's complaint must be dismissed for failure to state a claim upon which relief may be granted.

{¶ 5} We denied respondents' motion because they failed to either (1) cite authority indicating that Sehlmeyer was not responsible for responding to requests for LCI records, or (2) file a motion for summary judgment attaching affidavits and exhibits

2.

demonstrating that Sehlmeyer is not the person responsible for the relevant public records. Because they failed to do so, we could not conclude that Bloodworth's complaint failed to state a claim upon which relief may be granted.

{¶ 6} Respondents have now filed a merit brief under 6th Dist.Loc.App.R. 6(B). In support of their brief, they submitted an affidavit from Sehlmeyer, averring that she is responsible for responding to public records requests for records maintained by TCI and is not responsible for public records requests for records maintained by entities other than TCI. Respondents submit, therefore, that they were not responsible for providing Bloodworth the LCI records he requested.

{¶ 7} Respondents also submitted the affidavit of attorney Mark W. Altier, stating that respondents sent a letter to Bloodworth on November 23, 2021, attaching the documents he requested from LCI, and that respondents have heard nothing further from Bloodworth since providing those records. They insist that this has mooted this action.

{¶ 8} As previously alluded to, Bloodworth has not filed his own brief. As such, he has not challenged respondents' claim that they were not responsible for responding to public records requests for documents maintained by entities other than TCI. He has also not challenged respondents' claim that his complaint is now moot because respondents provided the records he requested. Because respondents' position here is unchallenged—and because it is consistent with our decision in *State ex rel. Keating v. Skeldon*, 6th Dist. Lucas No. L-08-1414, 2009-Ohio-2052, ¶ 8-16 (granting certain respondents' motion for

3.

summary judgment which attached affidavits and exhibits averring that they were not the persons responsible for responding to the public records requests at issue)—we accept their assertions and dismiss Bloodworth's complaint.

{¶ 9} It is so ordered.

{¶ 10} The costs of this matter are to be shared equally amongst the parties.

{¶ 11} The clerk is directed to serve upon the parties, within three days, a copy of this decision in a manner prescribed by Civ.R. 5(B).

Writ dismissed.

Mark L. Pietrykowski, J.

Christine E. Mayle, J.

Myron C. Duhart, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.