[Cite as *Felts v. ODRC Southern Ohio Corr. Facility*, 2022-Ohio-966.]

| | |
|---|---|
| BRIAN FELTS | Case No. 2021-00538PQ |
| Requester | Special Master Jeff Clark |
| v. | REPORT AND RECOMMENDATION |
| ODRC SOUTHERN OHIO CORRECTIONAL FACILITY | |
| Respondent | |

{¶1} The Ohio Public Records Act (PRA) requires copies of public records to be made available to any person upon request. The state policy underlying the PRA is that open government serves the public interest and our democratic system. *State ex rel. Gannett Satellite Information Network, Inc. v. Petro*, 80 Ohio St.3d 261, 264, 685 N.E.2d 1223 (1997). To that end, the public records statute must be construed liberally in favor of broad access, with any doubt resolved in favor of disclosure of public records. *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 6. This action is filed under R.C. 2743.75, which provides an expeditious and economical procedure to enforce the PRA in the Court of Claims.

{¶2} On August 20, 2021, requester Brian Felts made a public records request to respondent ODRC Southern Ohio Correctional Facility (SOCF)[1] for

> a copy of the Public EEOC record Signed by Labor Relations Jason Smith through your office on June 6th, 2019. This record contains the settlement between the State of Ohio (SOCF) and I through the EEOC mediation process. This is a settlement of case # DAY76(727618)10312018 and 22A-2019-00567C.

(Complaint at 3.) SOCF responded later the same day:

---

[1] Respondent intermittently refers, without explanation, to the Southern Ohio Correctional *Institution*. For consistency, this report will reference the Southern Ohio Correctional *Facility* and the acronym "SOCF," as used by requester, respondent's affiants, and other ODRC materials filed herein.

> You have discussed the Public Record request regarding an EEOC settlement with Warden Erdos. Please be informed this record does not exist and therefore we are unable to produce this document.

(*Id.* at 2.) On September 22, 2021, Felts filed a complaint under R.C. 2743.75 alleging denial of access to public records. Following unsuccessful mediation, SOCF filed a response and motion to dismiss on December 23, 2021. On January 6, 2022, the court issued an order directing Felts to file a reply pleading, and for SOCF to file additional information and documents. On January 12, 2022, SOCF filed a supplemental response. On January 12 and January 21, 2022, Felts submitted various documents that were not captioned and lacked proof of service.

### Burden of Proof

{¶3} A requester must establish a public records violation by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). At the outset, a requester bears the burden of production to plead and prove facts showing he sought identifiable public records from a public office pursuant to R.C. 149.43(B)(1) and that the request was denied. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 33.

### Non-Existent Records

A "record" is defined for purposes of the Public Records Act as

> any document, device, or item, regardless of physical form or characteristic, including an electronic record as defined in section 1306.01 of the Revised Code, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office.

R.C. 149.011(G). A document must be one "created or received by or coming under the jurisdiction of any public office" to meet this definition and thus must exist before it can be the subject of a public "records" request. A public office has no duty to provide records that do not already exist or that it does not possess. *State ex rel. Alford v. Toledo Corr.*

*Inst.*, 157 Ohio St.3d 525, 2019-Ohio-3847, 138 N.E.3d 1133, ¶ 5; *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 8-10.

Requester's Claim

**{¶4}** Felts seeks a document containing "the settlement" between "the State of Ohio (SOCF)" and Felts in EEOC/OCCR case # DAY76(727618)10312018 and 22A-2019-00567C, "Signed by Labor Relations Jason Smith through your office on June 6th, 2019." (Complaint at 3.) Felts states that settlement occurred "through the EEOC mediation process." (*Id.*) The request thus identifies the record sought by case number, the type of document, the date of execution, and an SOCF signatory. The request was addressed to "Mr. Greene & Warden Erdos," both of whom are employees of SOCF. (*Id.* at 2; Response, Greene Aff. at ¶ 1.)

Respondent's Denial

**{¶5}** Respondent has not expressly denied that a written settlement agreement exists somewhere. SOCF asserts only that the requested document "does not exist in records *kept and maintained by the institution.*" (Emphasis added.) (Response at 2-4, Greene Aff. at ¶ 3, 6-9, Smith Aff. at ¶ 3, 6-9.) However, when SOCF denied the record existed, it remained Felts' burden to show by clear and convincing evidence that the record both existed and was maintained by SOCF. *Cordell v. Paden* at ¶ 5-10.

Requester's evidence

**{¶6}** In addition to his description of the record sought, Felt asserts:

> EEOC documents show there was a settlement even terms as "Congratulations on your settlement" Paperwork was signed and notarized by Jason Smith LRO. in agreement with settlement.

(Complaint at 1.) Felts stated in correspondence with Greene and Erdos that "the document should be easily obtained in the Labor relations officer records." (*Id.* at 3.) The Complaint attaches a June 4, 2019 letter from an OCRC investigator congratulating Felts "on achieving a mutual settlement agreement" and attaching a Withdrawal of Charge with Settlement form for him to complete. (*Id.* at 7.) Also attached to the complaint is the

subsequently completed REQUEST FOR WITHDRAWAL OF CHARGE DISCRIMINATION form bearing the signature of Jason Smith as a "WITNESS." (*Id.* at 6.) Also attached is a Letter of Determination containing the Ohio Civil Rights Commission's finding that

> Prior to the conclusion of the investigation, Charging Party and Respondent resolved the charge. As a result, Charging Party requested to withdraw the charge. DECISION: The Ohio Civil Rights Commission has entered into its record a finding of WITHDRAWAL OF CHARGE – WITH SETTLEMENT. The matter is CLOSED.

(Complaint at 5.) In Felts' copy, an arrow points to the term, "WITH SETTLEMENT," with handwritten text indicating "copy of this settlement" as the document he seeks. (*Id.* at 5.)

{¶7} On January 6, 2022, the court issued an order directing Felts to file a reply clarifying the following issues:

1. Advise whether the requested settlement document was also signed by requester.

2. Advise whether requester already possesses a copy of the requested settlement document. If so, requester is directed to attach a copy of this copy of the withheld settlement document to his reply.

3. Attach a copy of "the email [Parks] [*sic*] requested from Captain Humphrey's to Lieutenant Haywood referencing a Time Clock Adjustment" that was provided to Parks [*sic*] on September 15, 2021." (Complaint at 2.) Advise whether the "Time Clock Adjustment" in this email constitutes the full terms of settlement provided by ODRC to you as referenced in the Request for Withdrawal of Charge Discrimination (Complaint at 6) in OCRC Case No. DAY76 (27618) 10312018/EEOC Case No. 22A-2019-00567C.

On January 12, 2022, Felts submitted an uncaptioned letter and attachments that did not include a certificate of service. The special master issued an order on January 14, 2022 noting that "this submission was not accompanied by a completed proof of service on respondent, without which the court may not consider the pleading. Civ.R. 5(B)(4)," and directing Felts to refile the documents with a completed proof of service in compliance

with the Civil Rules. On January 21, 2022, Felts submitted various documents, again without caption or proof of service.

{¶8} Pursuant to Civil Rule 5(B)(4), the special master shall not base his recommendation on the documents filed by requester on January 12 and 21, 2022. However, out of an abundance of caution and in the interest of justice, the special master reviewed the documents, which contain the following assertions:

1. Yes, I did sign the settlement agreement between Jason Smith and I and it was returned to the EEOC through Mr. Smith's Office.

2. I do not have a copy of the settlement agreement, I trusted Mr. Smith word and never thought we would be going through this.

3. I believe the E-mail and Pre-Filled hour change form was a end around to get me to sign my rights away under the EEOC, if it was not why would they need it? My signature would have been a binding agreement or acceptance to the hour change. Should there not have been a Settlement this form would not have been needed. Incident report dated September 17, 2021.

(January 12, 2022 submission.) The statement that a signed document "was returned to the EEOC through Mr. Smith's Office," implies that the original was not kept by "Mr. Smith's Office" at SOCF. Felts neither admits nor denies that the Time Clock Adjustment constitutes the terms of the settlement.

Respondent's Evidence

{¶9} On January 6, 2022, the special master issued an order directing respondent to clarify the following:

1. Advise whether the terms of the "settlement" or "settlement agreement" between Parks [*sic*] and ODRC referenced in the OCRC/EEOC documents attached to the complaint (Complaint at 5-7, 13-15) was memorialized in a writing, regardless of whether the writing was titled as a "settlement" or not. If so, attach a copy of the document memorializing the terms of the settlement.

2. Attach a copy of "the email [Parks] [*sic*] requested from Captain Humphrey's to Lieutenant Haywood referencing a Time Clock Adjustment" that was provided to Parks [*sic*] on September 15, 2021. (Complaint at 2.)

3. Advise whether the "Time Clock Adjustment" in the above email constitutes the terms of settlement provided by ODRC as referenced in the Request for Withdrawal of Charge Discrimination (Complaint at 6) in OCRC Case No. DAY76 (27618) 10312018/EEOC Case No. 22A-2019-00567C.

4. Advise whether Labor Relations Officer Jason Smith signed any document on June 6, 2021 containing the settlement of OCRC Case No. DAY76 (27618) 10312018/EEOC Case No. 22A-2019-00567C.

In response SOCF provided a copy of an email string that included a Michael Humphrey but did not include Lieutenant Haywood. (Supp. Response at 4, Second Aff. of Greene at ¶ 12, attached email string.) SOCF's affiants attested that:

> The Affiant is unaware of the existence of any document which relates to the matters at issue in these proceedings which is or purports to be a "settlement" or a "settlement agreement" regardless of whether it is so designated.

(Second Aff. of Greene at ¶ 11),

> The Affiant is unaware of the terms of any settlement which the Relator [*sic*] maintains was entered into by and between the ODRC and Brian Felts in relation to the EEOC and/or Ohio Civil Rights Commission matters which Mr. Felts describes in his Complaint.

(*Id.* at ¶ 13.) These assertions are repeated, with immaterial differences in wording, by Jason Smith (Second Affidavit of Smith at ¶ 10-11), who adds that he "did not sign a settlement agreement related to these proceedings on June 6, 2021." (*Id.* at ¶ 12.) Notably, the testimony asserts only a lack of awareness of, rather than affirmatively denying, the existence of a written settlement or the terms of any verbal settlement.

### Analysis

{¶10} The undisputed language in the OCRC/EEOC Letter of Determination is some evidence that a settlement was reached between Felts and ODRC in the referenced matter. Further, Felts attested under oath that "I have been provided with a settlement from the Respondent for which I am fully satisfied." (Complaint at 6.) SOCF employee Jason Smith witnessed Felt's signature to that assertion. However, none of the

EEOC/OCRC documents indicate whether the referenced settlement agreement was written or verbal.

{¶11} SOCF's affidavit testimony is some evidence supporting the non-existence of a written settlement agreement physically kept at SOCF. *See State ex rel. Fant v. Flaherty,* 62 Ohio St.3d 426, 427, 583 N.E.2d 1313 (1992); *State ex rel. Toledo Blade Co. v. Toledo-Lucas County Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 14-15. SOCF's testimony does not exclude the possible existence of a written settlement agreement kept only at ODRC Central Office – e.g., the Office of Equal Employment Opportunity, the Legal Section, or other ODRC administrative office where it may not be in SOCF's possession or control. *See State ex rel. Horton v. Kilbane*, Slip Opinion No. 2022-Ohio-205, ¶ 11.

{¶12} SOCF has not fully explained the "non-existence" of the requested record. R.C. 149.43(B)(3). See, e.g., *State ex rel. Cordell v. Paden,* 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 5*,* 9; *State, ex rel. Bloodworth v. Toledo Corr. Inst.*, 6th Dist. Lucas No. L-21-1146, 2022-Ohio-346, ¶ 4-7; and *Ohio Records Analysis v. Ohio Dept. of Admin. Servs.*, Ct. of Cl. No. 2021-00385PQ, 2022-Ohio-316, ¶ 7, 10 for examples of public offices giving the known location of requested records in the course of explaining the records non-existence in their possession. While SOCF has not proven the non-existence of a written settlement agreement, it is not required to. Rather, the burden is on Felts to demonstrate the record's existence, at the time of the request, in the keeping of the office from which he requested it. *Cordell* at ¶ 8; *State ex rel. Morabito v. Cleveland*, 8th Dist. Cuyahoga No. 98829, 2012-Ohio-6012, ¶ 13. Considering all the evidence before the court,[2] the special master finds Felts has not proven by clear and

---

[2] In his January 12, 2022 letter, Felts states, "1. Yes, I did sign the settlement agreement between Jason Smith and I and it was returned to the EEOC through Mr. Smith's Office. 2. I do not have a copy of the settlement agreement, I trusted Mr. Smith word and never thought we would be going through this." However, even were the court able to consider these statements, neither Felts nor SOCF admit that the shift schedule change constituted the matter that was settled, or that the email or any other document filed in this case is the written agreement to which the EEOC/OCRC documents refer. The parties' joint failure

convincing evidence that a responsive record existed in SOCF's keeping at the time the request was made.

{¶13} This determination does not restrict Felts from making additional requests to other ODRC offices where a settlement agreement may by kept. Courts encourage parties to persevere to achieve resolution of currently deficient records requests. *See State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 14-19. The Public Records Act requires and encourages negotiation to optimize the clarity, scope, speed, format, economy, and delivery of public records. *See* R.C. 149.43(B)(2), (3), (5), (6), (7) and (9). Perfection is not required of public records requests, "particularly where * * * it is evident that the public office was aware of the specific records requested." *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 37. *See State ex rel. Hill v. Adult Parole Officer T. Campbell*, 10th Dist. Franklin No. 20AP-510, 2022-Ohio-354, ¶ 13-15 (Decision Feb. 8, 2022.). Courts discourage semantic evasion of requests, *Morgan v. New Lexington* at ¶ 56-57; *Sutelan v. Ohio State Univ.*, Ct. of Cl. No. 2019-00250PQ, 2019-Ohio-3675, ¶ 15-17. Before denying a request as ambiguous, a public office is required to

> provide the requester with an opportunity to revise the request by informing the requester of the manner in which records are maintained by the public office and accessed in the ordinary course of the public office's or person's duties.

R.C. 149.43(B)(2). The parties are encouraged to cooperate fully in negotiating any future revision of this request.

**Conclusion**

{¶14} Upon consideration of the pleadings and attachments the special master recommends the court deny requester's claim for production of records for failure to show

---

to specify the nature and/or location of the referenced settlement seriously impairs the court's efforts to provide fact-based, much less expeditious and economical, resolution of this dispute.

that the requested record exists in respondent's keeping. It is recommended that costs be assessed to requester.

{¶15} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFF CLARK
Special Master

**Filed February 16, 2022**
**Sent to S.C. Reporter 3/25/22**