[Cite as *Ohio Capital Journal v. Pub. Util. Comm. of Ohio*, 2022-Ohio-4527.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| OHIO CAPITAL JOURNAL, et al. | Case No. 2022-00469PQ |
| Requester | Special Master Jeff Clark |
| v. | REPORT AND RECOMMENDATION |
| PUBLIC UTILITIES COMMISSION OF OHIO | |
| Respondent | |

{¶1} The Ohio Public Records Act (PRA) requires copies of public records to be made available to any person upon request. The state policy underlying the PRA is that open government serves the public interest and our democratic system. *State ex rel. Gannett Satellite Information Network, Inc. v. Petro*, 80 Ohio St.3d 261, 264, 685 N.E.2d 1223 (1997). To that end, the public records statute must be construed liberally in favor of broad access, with any doubt resolved in favor of disclosure of public records. *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 6. This action is filed under R.C. 2743.75, which provides an expeditious and economical procedure to enforce the PRA in the Court of Claims.

{¶2} On February 10, 2022, requester Jake Zuckerman of the Ohio Capital Journal[1] made a public records request to respondent Public Utilities Commission of Ohio (PUCO) seeking copies of "the subpoenaed material" provided by the PUCO to the U.S. Department of Justice in a criminal racketeering case against former Ohio House Speaker Larry Householder. (Complaint at 2, Exh. A.) On February 11, 2022, the PUCO, which was concurrently processing other requests for the same information, produced "approximately 110 gigabytes of records, which included 2,588 emails and attachments." (*Id.* at 2-3, Exhs. B, E.) The PUCO advised this was a partial response (*Id.*, Exhs. A, B.)

---

[1] See October 19, 2022 Order joining Zuckerman as a real party in interest.

constituting approximately half of the records responsive to the request, and that the remainder were still under review. (*Id.* at 4.)

{¶3} On June 10, 2022, Zuckerman filed a complaint under R.C. 2743.75 alleging denial of timely access to public records. Following mediation, the City filed a response and motion to reconsider/dismiss (Response) on October 28, 2022. On November 1, 2022 the court issued an order directing Zuckerman to file a reply pleading containing any desired argument, information, documents and affidavits in response to the PUCO's response. As of the date of this report Zuckerman has made no further filing.

**Initial Burden of Proof**

{¶4} The requester in an action under R.C. 2743.75 bears an overall burden to establish a public records violation by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). The requester bears an initial burden of production "to plead and prove facts showing that the requester sought an identifiable public record pursuant to R.C. 149.43(B)(1) and that the public office or records custodian did not make the record available." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 33. The PUCO does not dispute that the request here sought identifiable public records pursuant to R.C. 149.43, and immediately responded with available public records and the promise to produce the remainder after review and redaction of exempt material.

**Motion to Dismiss**

{¶5} To dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt the claimant can prove no set of facts warranting relief after all factual allegations of the complaint are presumed true and all reasonable inferences are made in claimant's favor. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 581, 669 N.E.2d 835 (1996). As long as there is a set of facts consistent with the complaint that would allow the claimant to recover, dismissal for failure to state a claim is not proper. *State ex rel. V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184, ¶ 10.

{¶6} The PUCO moves to dismiss the complaint on the grounds 1) that it has been and remains in a timely process of responding to a request for very voluminous records that must be reviewed for exempt material, and 2) that Zuckerman lacked standing to file

the complaint in this action *pro se*. On review, the Special Master finds that the first ground is not conclusively shown on the face of the complaint. The Special Master further finds no basis to reconsider the Order of October 19, 2022 joining Zuckerman as a real party in interest. It is therefore recommended the motion to dismiss be denied.

**Partial Mootness**

{¶7} In an action to enforce R.C. 149.43(B), a public office may produce the requested records prior to the court's decision, and thereby render the claim for production moot. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 18-22. The PUCO asserts, and Zuckerman does not dispute, it has now provided a large quantity of public records responsive to the request, both prior to and during litigation. The Special Master accordingly finds that the claim for production of records is moot as to the records provided thus far.

{¶8} Independent of the claim for production, Zuckerman's claim of an unreasonable delay between the request and the initial production, or production of the remaining records, is not moot. (Complaint at 4-5.) "[A] separate claim based on the untimeliness of the response persists unless copies of all required records were made available 'within a reasonable period of time.' R.C. 149.43(B)(1)." *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 22, 2018-Ohio-5110, 123 N.E.3d 895, ¶ 19.

{¶9} Although the PUCO advised Zuckerman that future responses may include withholding of records in whole or in part, no withholdings, redactions or authorizing exemptions have been asserted for the records produced to date. The PUCO's briefing of trade secret and other potential exemptions is thus premature other than to support the assertion that legal review is required in processing the remaining records. The claims before this court are limited to the implicit demand for release of the remaining responsive records, and the assertion that the PUCO has violated its statutory duty to provide all the requested records "within a reasonable period of time." R.C. 149.43(B)(1). Zuckerman summarizes these claims as follows:

> By refusing to provide requested records or mount any claim of denial, the PUCO is constructively denying plaintiff's request. The PUCO is doing so in an arbitrary and capricious manner and has failed to identify any reason that might justify a delay.

(Complaint at 5.) The court must therefore determine, first and possibly dispositively, whether the ongoing production of records is being made in a timely manner.

**Timeliness**

{¶10} "The primary duty of a public office when it has received a public-records request is to promptly provide any responsive records within a reasonable amount of time and when a records request is denied, to inform the requester of that denial and provide the reasons for that denial. R.C. 149.43(B)(1) and (3)." *Cordell v. Paden,* 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶11. Whether a public office has provided records within a "reasonable period of time" depends upon all the pertinent facts and circumstances of the case. *Id.* at ¶ 12. The requester bears the burden of demonstrating that a public office's response was unreasonably delayed. *Id.*

{¶11} Zuckerman agrees that the PUCO made a prompt initial response to his February 10, 2022 request and produced a large number of responsive records during subsequent rounds of production. (Complaint at 2-3; Response at 4, Exh. A – Schilling Aff. at ¶ 5-14.) The PUCO has committed at every stage to continue to release records on a rolling basis as they are processed, and produced 2,000 additional pages of records during litigation. (Response at 2, 4-6, Schilling Aff. at ¶ 13.) Although Zuckerman was given the opportunity to counter the PUCO's attestation of ongoing, timely processing of the request (Nov. 1, 2022 Order), he has failed to do so.

{¶12} The facts and circumstances before the court closely resemble those considered by the Ohio Supreme Court in *State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105. In *Morgan*, the Court found that the governor's office had already produced a substantial number of responsive records to a request that required a search for and legal review of voluminous documents. *Id.* at ¶ 3-7. The Court found that Morgan's request was "arguably overbroad" in its ambiguous wording, production of a large number of copies, and necessity of extensive legal review. *Id.* at ¶ 12-17. The wording of Zuckerman's request is not ambiguous, but it seeks similarly voluminous records which will require legal review. The *Morgan* Court addressed the ongoing production of records in that case as follows:

> "R.C. 149.43(A) envisions an opportunity on the part of the public office to examine records prior to inspection in order to make appropriate redactions

of exempt materials." *State ex rel. Warren Newspapers, Inc. v. Hutson* (1994), 70 Ohio St.3d 619, 623, 1994 Ohio 5, 640 N.E.2d 174.

Given the broad scope of the records requested, the governor's office's decision to review the records before producing them, to determine whether to redact exempt matter, was not unreasonable.

*Id.* at ¶ 16-17. Under the facts and circumstances before the court, the Special Master finds that Zuckerman has not met his burden to show that the PUCO's response to date has been unreasonably delayed.

{¶13} As in *Morgan*, the parties here are encouraged to cooperate to achieve mutually acceptable production of the remaining records responsive to the request. The records relate to a U.S. Department of Justice investigation of the circumstances regarding enactment of H.B. 6 and former PUCO Chairman Sam Randozzo and are unquestionably important. Their timely disclosure after the opportunity for the PUCO to review and redact exempt material is consistent with the precept that "[i]n order to ensure that government performs effectively and properly, it is essential that the public be informed and therefore able to scrutinize the government's work and decisions." *Kish v. Akron*, 109 Ohio St.3d 162, 2006 Ohio 1244, 846 N.E.2d 811, ¶ 15. The ultimate disclosure of the requested records would serve one of the salutary purposes of the Public Records Act – "to ensure accountability of government to those being governed." *State ex rel. Strothers v. Wertheim*, 80 Ohio St.3d 155, 158, 684 N.E.2d 1239 (1997). The recommended determination of current timeliness does not preclude Zuckerman from filing a future action based on proof of unreasonable delay, or to challenge redactions made to the records now in process when they are released.

**Conclusion**

{¶14} Upon consideration of the pleadings and attachments the Special Master recommends the court find requester's claim for production of records moot to the extent that responsive records have been provided prior to the filing of the complaint and during mediation. The Special Master further recommends the court find that the PUCO has thus far produced records in a timely manner, and urge that office to continue and complete its review and production of the remaining responsive records within a reasonable time. The Special Master recommends the court absorb costs in this action.

{¶15} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFF CLARK
Special Master

**Filed November 30, 2022**
**Sent to S.C. Reporter 12/15/22**