[Cite as *Lerussi v. Calcutta Volunteer Fire Dept.*, 2023-Ohio-3091.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| CHRISTINE LEA LERUSSI | Case No. 2023-00434PQ |
| Requester | Judge Lisa L. Sadler |
| v. | DECISION AND ENTRY |
| CALCUTTA VOLUNTEER FIRE DEPARTMENT | |
| Respondent | |

{¶1} In this public-records case, Respondent Calcutta Volunteer Fire Department objects to a Special Master's Report and Recommendation (R&R). The Court overrules Respondent's objections and adopts the Special Master's Report and Recommendation for reasons that follow.

### I. Background

{¶2} On June 20, 2023, Requester Christine Lea Lerussi filed a public-records complaint against Respondent, seeking records that Requester maintains were not produced, as ordered by the Court, in a previous case and records based on a request of April 14, 2023. (R&R, 2.) The Special Master notified the Court and the parties that, considering the circumstances of the case and the parties, the case should not be referred to mediation. A case schedule was established for the filing of evidence, the filing of records for in camera review, and the filing of memoranda.

{¶3} On August 8, 2023, the Special Master issued a Report and Recommendation, recommending that (1) "Requester be given access to Respondent's Exhibits C, D, E, F, G, H, I, J, O, P, and Q," and (2) Requester recover her filing fee and costs, exclusive of attorney fees. (R&R, 9.) [1]

---

[1]     Respondent has represented that it does not object to the disclosure of Exhibits C, E, F, G, O, and P from the filing submitted under seal on July 6, 2023, but that it does object to the disclosure of Exhibits D, H, I, and J. (Response to Motion To Dismiss, 12, filed on July 20, 2023.)

{¶4} On August 17, 2023, Respondent filed timely written objections to the Report and Recommendation. Respondent's objections are accompanied by a Certificate of Service in which Respondent's counsel certifies that he sent a copy of the objections to Requester's counsel "by mail."

{¶5} Four days later, on August 21, 2023, Requester, through counsel, filed a document labeled "Requester's Motion To Strike And Response To Respondent's Objection To Special Master's Report and Recommendation." Requester's filing was sent to Respondent's counsel by "certified mail," according to a Certificate of Service accompanying Requester's filing.

## II. Law and Analysis

{¶6} The General Assembly has created an alternative means to resolve public-records disputes through the enactment of R.C. 2743.75. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11. *See* R.C. 2743.75(A). Under Ohio law, a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 8th Dist. Cuyahoga No. 110315, 2021-Ohio-4210, ¶ 16, citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). *See Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 32. It is a requester's burden to prove, by clear and convincing evidence, that the requested records exist and are public records maintained by a respondent. *See State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 8.

{¶7} A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus. In *Jones-Kelley*, the Ohio Supreme Court held:

> Exceptions to disclosure under the Public Records Act, R.C.
> 149.43, are strictly construed against the public-records
> custodian, and the custodian has the burden to establish the
> applicability of an exception. A custodian does not meet this
> burden if it has not proven that the requested records fall

squarely within the exception. (*State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006 Ohio 6714, 859 N.E.2d 948, P 30, followed.)

*Kelley* at paragraph two of the syllabus.

## A. Requester's Motion To Strike is not persuasive.

{¶8} Requester moves the Court to strike Respondent's objections to the Report and Recommendation because Respondent failed to serve its objections by certified mail, as required by R.C. 2743.75(F)(2). Respondent opposes Requester's motion.[2]

{¶9} Requester's motion to strike is unpersuasive for at least two reasons.

{¶10} First, in R.C. 2743.75 the General Assembly has not included a provision that allows a party to move to strike another party's objections to a report and recommendation. *See Kish v. City of Akron*, 109 Ohio St.3d 162, 2006-Ohio-1244, 846 N.E.2d 811, ¶ 44 (the General Assembly is the ultimate arbiter of policy considerations relevant to public-records law and the judiciary's role is to interpret existing statutes, not rewrite them). *Compare* R.C. 2743.03(D) (providing that the Ohio Rules of Civil Procedure "shall govern practice and procedure in all actions in the court of claims, except insofar as inconsistent with this chapter").

{¶11} Second, notwithstanding that R.C. 2743.75(F)(2) requires service of an objection by certified mail, return receipt requested, it "is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits."[3] *De Hart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 192, 431 N.E.2d 644 (1982). Here, since Requester has filed a written response to the merits of Respondent's objections, the Court finds that Requester will not be prejudiced if the Court considers the merits of Respondent's objections—despite Respondent's failure to follow requirements contained in R.C. 2743.75(F)(2) for service of its objections.

## B. Respondent's arguments in support of its objections and Requester's response to Respondent's objections.

---

[2]     Respondent's Response In Opposition To Requester's Motion To Strike, filed August 29, 2023.

[3]     Pursuant to R.C. 2743.75(F)(2), "[e]ither party may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested."

{¶12} Pursuant to R.C. 2743.75(F)(2), within seven business days after a response to an objection to a Report and Recommendation is filed, this Court "shall issue a final order that adopts, modifies, or rejects the report and recommendation."   R.C. 2743.75(F)(2).  In this instance,  Respondent "objects to the Report and Recommendation on the following grounds: 1) that the interpretation of R.C. 143.431(A)(3) in the Report creates a situation which is counter to the intention of the Legislature one in which a private corporation found to be a functional equivalent of a public office for the purposes of R.C. 149.43 subjects all its records to public records requests, and 2) the burden of proof to show whether or not Respondent is the functional equivalent of a public office is on the requester."  (Objection, 1.)

{¶13} In opposition, Requester contends that an otherwise private entity that is deemed a public entity is not private for any purpose; instead, according to Requester, such an entity should be treated as a public entity for purposes of the Ohio Public Records Act, with a result that such an entity's records are subject to production, not just the limited subset provided for by R.C. 149.431.

## C. Requester has satisfied her burden of production and burden of persuasion. Respondent has failed to prove facts that the requested records should be exempt from disclosure.

{¶14} Under R.C. 2743.75 a complainant's "burden of production" "is to plead and prove facts showing that the requester sought an identifiable public record pursuant to R.C. 149.43(B)(1) and that the public office or records custodian did not make the record available."  *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.2d 768, ¶ 33.  The "burden of persuasion" is on a complainant to prove a right to relief under R.C. 2743.75 by the requisite quantum of evidence.  *Welsh-Huggins* at ¶ 34.

{¶15} However, if a public office or person responsible for public records refuses to release the requested record on the basis of a statutory exemption, "its 'burden of production' in the R.C. 2743.75 proceeding is to plead and prove facts that the requested record falls squarely within the exemption. *See State ex rel. Cincinnati Enquirer v. Jones-Kelly*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus."  *Welsh-Huggins* at ¶ 35.  "And if the exemption upon which the public office

relies is not obviously apparent and manifest just from the content of the record itself, factual evidence to establish the application of that exemption is necessary. *See State ex rel. Besser*, 89 Ohio St.3d at 402, 732 N.E.2d 373. Unsupported conclusory statements in an affidavit are insufficient." *Id.*

{¶16} Based on the Court's review, the Court concludes that Requester has pleaded and proved that Requester sought identifiable public records pursuant to R.C. 149.43(B)(1) by the requisite quantum of evidence and that Respondent did not make the public records available. The Court further concludes that the Special Master correctly determined that Respondent failed to demonstrate by factual evidence, that, in this instance, the disputed records fall squarely under R.C. 149.431 and should be exempt from disclosure.

**D. Requester seeks certain financial records from Respondent—a private entity.**

{¶17} Under Ohio law a private entity may be considered a public office for purposes of the Ohio Public Records Act. As used in R.C. Chapter 149, except as otherwise provided, the term "public office" "includes any * * * other organized body, office, agency, institution, or entity established by the laws of this state for the exercise of any function of government." Under R.C. 149.011(A) the term "public office," however, "does not include the nonprofit corporation formed under [R.C. 187.01 (JobsOhio)]." R.C. 149.011(A). *See generally State ex rel. Oriana House, Inc. v. Montgomery*, 110 Ohio St.3d 456, 2006-Ohio-4854, 854 N.E.2d 193, syllabus (private entities as functional equivalent of a public office).[4]

{¶18} A review of the evidence discloses that Respondent is a nonprofit, private corporation formed under R.C. Chapter 1702 that has contracted with St. Clair Township

---

[4]    In *State ex. rel. Oriana House, Inc. v. Montgomery,* 110 Ohio St.3d 456, 2006-Ohio-4854, 854 N.E.2d 193, paragraphs one and two of the syllabus, the Ohio Supreme Court instructed:

1.  Private entities are not subject to the Public Records Act absent a showing by clear and convincing evidence that the private entity is the functional equivalent of a public office.

2.  In determining whether a private entity is a public institution under R.C. 149.011(A) and thus a public office for purposes of the Public Records Act, R.C. 149.43, a court shall apply the functional-equivalency test. Under this test, the court must analyze all pertinent factors, including (1) whether the entity performs a governmental function, (2) the level of government funding, (3) the extent of government involvement or regulation, and (4) whether the entity was created by the government or to avoid the requirements of the Public Records Act.

to provide fire and emergency medical services under R.C. 9.60. (Affidavit of Randy Schneider dated July 5, 2023, with accompany exhibits, filed on July 6, 2023.) Respondent thus is an entity established by the laws of Ohio for the exercise of a function of government. *See* R.C. 2744.01(C)(2)(a) (a governmental function includes "[t]he provision or nonprovision of police, fire, emergency medical, ambulance, and rescue services or protection").

{¶19} A review of the evidence further discloses that Respondent "receives revenue from various sources, including tax revenue from levies and from private donations and fundraising" and that "[t]he revenue from the private donations and fundraising is kept in an account separate and apart from accounts which hold the revenue generated from public funds received via contract." (Affidavit of Randy Schneider dated July 5, 2023.)

{¶20} The Ohio Supreme Court has instructed, "The primary duty of a public office when it has received a public-records request is to promptly provide any responsive records within a reasonable amount of time and when a records request is denied, to inform the requester of that denial and provide the reasons for that denial. R.C. 149.43(B)(1) and (3)." *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 11. *See* R.C. 149.011(G) (defining "records");[5] R.C. 149.43(A)(1) (defining "public records").[6]

{¶21} R.C. 149.431 addresses the disclosure of financial records of nonprofit organizations that receive governmental funds, such as Respondent. R.C. 149.431 provides:

(A) Except as provided in [R.C. 9.833, 2744.081, and 3345.203], any

governmental entity or agency and any nonprofit corporation or association,

---

[5] As used in R.C. Chapter 149, the term "records" "includes any document, device, or item, regardless of physical form or characteristic, including an electronic record as defined in [R.C. 1306.01 of the Revised Code], created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office." R.C. 149.011(G).

[6] As used in R.C. Chapter 149, the term "public record" "means records kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, and records pertaining to the delivery of educational services by an alternative school in this state kept by the nonprofit or for-profit entity operating the alternative school pursuant to [R.C. 3313.533]." R.C. 149.43(A)(1).

except a corporation organized pursuant to Chapter 1719. of the Revised Code prior to January 1, 1980 or organized pursuant to Chapter 3941. of the Revised Code, that enters into a contract or other agreement with the federal government, a unit of state government, or a political subdivision or taxing unit of this state for the provision of services shall keep accurate and complete financial records of any moneys expended in relation to the performance of the services pursuant to such contract or agreement according to generally accepted accounting principles. *Such contract or agreement and such financial records shall be deemed to be public records as defined in division (A)(1) of section 149.43 of the Revised Code and are subject to the requirements of division (B) of that section*, except that:

    \* \* \*

(3) *Any nonprofit corporation or association that receives both public and private funds in fulfillment of any such contract or other agreement is not required to keep as public records the financial records of any private funds expended in relation to the performance of services pursuant to the contract or agreement.*

    \* \* \*

*Nothing in this section shall be construed to otherwise limit the provisions of section 149.43 of the Revised Code.*

(Emphasis added.)

{¶22} "A fundamental principle of the constitutional separation of powers among the three branches of government is that the legislative branch is 'the ultimate arbiter of public policy.'" *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 21, quoting *State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Information Network v. Dupuis,* 98 Ohio St. 3d 126, 2002 Ohio 7041, 781 N.E.2d 163, ¶ 21. The Ohio Supreme Court held that "the intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation." *Slingluff v. Weaver*, 66 Ohio St. 621, 64 N.E. 574 (1902), paragraph two of the syllabus. In *Singluff* the Ohio Supreme Court

further held, "The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact. That body should be held to mean what it has plainly expressed, and hence no room is left for construction." *Id.* And the Ohio Supreme Court has stated, "The necessity of considering the facts or the evidence to determine whether a legislative act applies to a particular case does not turn the issue of statutory interpretation into a question of fact." *City of Independence* at ¶ 18, citing *Henley v. City of Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 148, 735 N.E.2d 433 (2000).

{¶23} The words contained in R.C. 149.431 plainly express that certain financial records of certain nonprofit corporations that enter into a contract or agreement with a political subdivision or taxing unit of this state for the provision of services are "deemed to be public records as defined in [R.C. 149.43(A)(1)] and are subject to the requirements of [R.C. 149.43(B)]," R.C. 149.431(A), except that any nonprofit corporation or association that receives both public and private funds in fulfillment of a contract or other agreement as set forth in R.C. 149.431(A) "is not required to keep as public records the financial records of any private funds expended in relation to the performance of services pursuant to the contract or agreement." R.C. 149.431(A)(3). And, pursuant to R.C. 149.431, nothing in R.C. 149.431 "shall be construed to otherwise limit the provisions of [R.C. 149.43]."

{¶24} Here, Respondent's evidence shows that Respondent receives revenue from public funds and, as well as revenue from private donations and fundraising, and that Respondent keeps revenue received from public funds in a separate account from revenue from private donations and fundraising. (Affidavit of Randy Schneider dated July 5, 2023.) But Respondent's evidence fails to show how private donations and fundraising are expended in relation to Respondent's performance of services pursuant to Respondent's contract with St. Clair Township. If the private funds were expended in relation to Respondent's performance of services under its contract with St. Clair Township, then Respondent arguably would not be required to keep the financial records of the funds so expended as public records under R.C. 149.431(A).

{¶25} Based on the Court's review, the Court concludes that the Special Master correctly determined that Respondent failed to demonstrate by factual evidence, that, in

this instance, certain disputed records, i.e., Exhibits D, H, I, J, as well as Q, fall squarely under the exemption contained in R.C. 149.431.

### III.    Conclusion

{¶26} For reasons set forth above, the Court denies Respondent's Motion To Strike, overrules Respondent's Objections, and adopts the Report and Recommendation.

{¶27} The Court ORDERS Respondent to provide Requester with access to Respondent's Exhibits C, D, E, F, G, H, I, J, O, P, and Q, which Respondent filed with the Court.  Requester is entitled to recover from Respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by the Requester, excepting attorney fees.  Court costs are assessed against Respondent.  The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


LISA L. SADLER
Judge

**Filed August 30, 2023**
**Sent to S.C. Reporter 9/1/23**