[Cite as *State ex rel. Jenkins v. Byrd*, 2025-Ohio-3077.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL. LEONARD JENKINS,  :

    Relator,  :

                      No. 115114

    v.  :

NAILAH BYRD,  :

    Respondent.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DISMISSED
**DATED:** August 26, 2025

---

Writ of Mandamus
Motion No. 584895
Order No. 587158

---

### *Appearances:*

Leonard Jenkins, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Regina A. Russo, Assistant Prosecuting Attorney, *for respondent.*

MICHAEL JOHN RYAN, J.:

{¶ 1} On May 9, 2025, the relator Leonard Jenkins commenced this public records mandamus action against the respondent Nailah Byrd, the Cuyahoga County Clerk of Courts. Jenkins seeks the indictment from his underlying criminal

case, *State v. Jenkins,* Cuyahoga C.P. No. CR-81-168784-A, in which he was convicted, inter alia, for aggravated murder and attempted murder. On May 30, 2025, the respondent, through the Cuyahoga County Prosecutor, moved to dismiss because Jenkins had not complied with R.C. 149.43(B)(8). Jenkins has not filed a response. For the following reasons, this court grants the motion to dismiss.

{¶ 2} On February 6, 2025, Jenkins wrote to Byrd and asked if she would forward the indictment from his underlying case. Byrd denied the request by letter dated March 5, 2025, because R.C. 149.43(B)(8) requires judicial approval for the release of such records. On March 15, 2025, Jenkins repeated the request and invoked R.C. 149.43 and offered to pay the fees for searching or copying the records. Byrd denied this request by letter on March 26, 2025, invoking subsection(B)(8). Finally on March 31, 2025, Jenkins, pursuant to Sup.R. 44 -47, asked again to obtain a copy of his indictment. Byrd denied the request on April 8, 2025. Jenkins then commenced this mandamus action.

{¶ 3} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, and (2) the respondent must have a clear legal duty to perform the requested relief. *State ex rel. Ney v. Niehaus,* 33 Ohio St.3d 118 (1987). Because mandamus is a statutorily specified remedy to enforce the public records law, the usual requirement of having no adequate remedy at law is dispensed. *State ex rel. Cordell v. Paden,* 2019-Ohio-1216, ¶ 7. Moreover, the relator must establish his right to the relief by clear and convincing evidence. *State ex rel. Pressley v. Indus. Comm. of Ohio,* 11 Ohio St.2d 141, 161 (1967).

**{¶ 4}** R.C. 149.43(B)(8) provides:

A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction . . . to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution . . . , unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

**{¶ 5}** In the present case, there is no evidence that Jenkins obtained prior judicial approval for his requests. He does not aver it, and a review of the docket in the underlying case shows no judicial approval.

**{¶ 6}** Jenkins had to comply with R.C. 149.43(B)(8). Because he did not obtain court approval as the statute requires, Byrd had no clear legal duty to produce the indictment. *State ex rel. Ellis v. Cleveland Police Forensic Laboratory,* 2019-Ohio-4201, and *State ex rel. Parker Bey v. Byrd,* 2012-Ohio-1413.

**{¶ 7}** Jenkins's invocation of Sup.R. 44 – 47 does not change the result. The Supreme Court of Ohio has ruled that the Superintendence Rules only apply to case documents from underlying cases that commenced after the effective date of Sup.R. 44 – 47, July 1, 2009. The rules do not apply to records from underlying cases that commenced before that date. *State ex rel. Parker Bey v. Byrd,* 2020-Ohio-2766, ¶ 11 – 12. Because Jenkins's criminal case commenced in 1981, the Superintendence Rules do not apply. R.C. 149.43 and its subsection (B)(8) control.

Thus, pursuant to that section, Byrd does not have a clear legal duty to provide the records, and mandamus will not issue.

{¶ 8} Accordingly, this court grants the respondent's motion to dismiss. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 9} Writ dismissed.


_____
MICHAEL JOHN RYAN, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR