THE STATE, EX REL. THE BEACON JOURNAL PUBLISHING COMPANY, APPELLEE, *v.* ANDREWS, REGISTRAR, APPELLANT.

(No. 76-104—Decided December 22, 1976.)

*Brouse & McDowell Co., L. P. A.,* and *Mr. Norman S. Carr,* for appellee.

*Mr. William J. Brown,* attorney general, *Mr. Rodney B. Teague* and *Mr. George E. Lord,* for appellant

O'NEILL, C. J. The stipulated evidence reveals that the respondent has refused to allow relator any inspection whatsoever of the records sought to be inspected.

R. C. 4507.40(A) and (B) provide for the keeping of certain records of traffic violations by every county court judge, mayor, and clerk of court of record, and for the preparing of a certified abstract of every such record in which a person was convicted or has forfeited bail and the forwarding of such abstract to the Bureau of Motor Vehicles.

R. C. 4507.40(C) provides that the forms for such abstract shall be approved and furnished by the bureau, and provides further that such abstract "shall include the name and address of the party charged, the number of his operator's or chauffeur's license, the registration number of the vehicle involved, the nature of the offense, the date of the offense, the date of hearing, the plea, the judgment, or whether bail forfeited, and the amount of the fine or forfeiture."

R. C. 4507.40(D) and (G) provide for other records to be forwarded to the bureau.

R. C. 4507.40(F) provides that the bureau shall "keep all abstracts received under this section at its main office and shall maintain records of convictions and bond forfeitures for any violation of law or ordinance * * *."

R. C. 4507.40(K) and (O) provide for action by the registrar based upon the bureau's record in certain cases in the form of letters to certain violators and the suspension of the driving rights of others.

R. C. 4507.25 makes all the records and proceedings required by R. C. 4507.40 matters of public record in the following language: "* * * All proceedings of the registrar shall be open to the public, and all documents in his possession shall be public records."

R. C. 149.40 provides:

"Any document, device, or item, regardless of physical form or characteristic, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office, is a record within the meaning of Sections 149.31 to 149.44, inclusive, of the Revised Code."

R. C. 149.43 provides:

"As used in this section 'public record' means any record required to be kept by any governmental unit, including, but not limited to, state * * *, except records pertaining to physical or psychiatric examinations, adoption, probation, and parole proceedings, and records the release of which is prohibited by state or federal law.

"All public records shall be open at all reasonable times for inspection. Upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time."

The relator has stipulated that it does not seek any record relating to physical or mental disability.

Respondent's first contention is that since he has commingled in the computer the information on the driver's license applications with the information required to be maintained under R. C. 4507.40, mandamus will not lie to require the respondent to permit relator to inspect and secure copies of the records which R. C. 4507.40 requires respondent to maintain. The respondent's argument is based upon the following language in R. C. 4507.25: "* * * Upon the request of any person accompanied by a fee of fifty cents per name, the registrar may furnish lists of names and addresses as such appear upon the applications for driver's licenses, provided that any further informa-

tion contained in such applications shall not be disclosed.''

That contention has no merit.

This precise question was decided by this court in *State, ex rel. Patterson,* v. *Ayers* (1960), 171 Ohio St. 369, 171 N. E. 2d 508. After reciting the provisions of R. C. 4507.25, 4503.26 and 4505.14, and referring to R. C. 4503.10, Judge Zimmerman, writing for the majority, stated, at page 371:

"In examining the quoted statutes, particularly Section 4507.25, Revised Code, it is apparent that *all documents in the possession of the Registrar of Motor Vahicles are public records open to the public,* and that the fees prescribed in such statutes are for *services rendered and materials furnished by the registrar* upon request. The statutes do not expressly prohibit personal examination of the records by a member of the public, and the provisions that fees may be charged by the registrar when he renders a service in furnishing information contained in his records do not preclude a member of the public from making a personal examination of such records without paying such fees.

" 'The rule in Ohio is that public records are the people's records, and that the officials in whose custody they happen to be are merely trustees for the people; therefore anyone may inspect such records at any time, subject only to the limitation that such inspection does not endanger the safety of the record, or unreasonably interfere with the discharge of the duties of the officer having custody of the same.' 35 Ohio Jurisprudence, 45, Section 41.

"Such rule, above quoted, corresponds with the rule stated in 108 A. L. R., 1395, as follows:

" '* * * automobile records are generally considered "public records" which any citizen has a right to examine and copy * * * provided that he complies with the reasonable regulations of the custodian of the records, and examines and copies them in such a way as not to interfere with the work of the custodian or the equal rights of others to examine and copy such records.' "

Judge Zimmerman continues, as follows:

"* * * We do not doubt that the registrar may establish and enforce reasonable rules and regulations covering the examination of the records in his custody and control to insure the orderly and efficient operation of his department, but under the statutes in their present wording he may not arbitrarily and wholly close those records to public view. All relator seeks in the present action is to inspect and take data, during business hours and at the convenience of the respondent, from records pertaining to a *single* motor vehicle registration. We think it is the duty of the respondent to allow him to do so, and that mandamus is an appropriate remedy to enforce relator's demand."

The court limited its decision to the facts of that case which involved a relator seeking to inspect and take data from records pertaining to a single motor vehicle registration. The dissenting opinion in that case agreed with the contention of the the respondent in the instant case. Herbert, J., in his dissenting opinion, concluded: "At any rate, this decision will clarify the issue for future legislative consideration." No change has been made in the pertinent part of the statute since that decision.

R. C. 4507.40 sets out in detail the records required to be received and maintained by the Registrar of Motor Vehicles and the actions to be taken based upon those records.

R. C. 4507.25 states that all the records in the registrar's possession shall be public and that all the registrar's proceedings "shall be open to the public."

R. C. 149.40 defines the documents received and maintained by the registrar as records, and R. C. 149.43 defines those records required to be kept by R. C. 4507.40 as public records.

The registrar is under the statutory duty to keep those records in such a way that they can be made available for inspection by the public upon request at all reasonable times, and he is under a duty to make copies of those records available at cost within a reasonable time.

The other contentions advanced by the respondent

amount to asserting that to do what the relator requests would cost too much and take too long and interfere with the normal work of the respondent and his employees.

The relator seeks records which the General Assembly has declared to be public records. The statute makes them available to any member of the public, including the relator, at any reasonable time. No pleading of too much expense, or too much time involved, or too much interference with normal duties, can be used by the respondent to evade the public's right to inspect and obtain a copy of public records within a reasonable time. The respondent is under a statutory duty to organize his office and employ his staff in such a way that his office will be able to make these records available for inspection and to provide copies when requested within a reasonable time.

This is the public's business, not the registrar's private record.

Finally, the respondent asserts that certain provisions of R. C. Chapter 1347 are in direct conflict with R. C. 149.-43, and that R. C. Chapter 1347 prevails and, therefore, mandamus will not lie.

There is no merit to this contention. Amended Substitute Senate Bill 99, which enacted R. C. Chapter 1347, provides that it will not be effective until January 1, 1977. (Section 2 of the Act specifically provides that ''Section 1 of this Act shall take effect on January 1, 1977.'')

Relator is entitled to the writ of mandamus which he seeks. The judgment of the Court of Appeals is modified accordingly.

*Judgment modified and writ allowed.*

HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.