The STATE ex rel. STROTHERS

v.

FUERST, Clerk.

[Cite as *State ex rel. Strothers v. Fuerst* (1997), 120 Ohio App.3d 305.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72207.

Decided May 29, 1997.

---

*Gerald O. Strothers, pro se.*

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Carol Shockley*, Assistant Prosecuting Attorney, for respondent.

---

DYKE, Presiding Judge.

Relator, Gerald O. Strothers, Jr., avers that he has requested access to two automobile titles which are maintained by respondent, Gerald E. Fuerst, Clerk of Courts. Relator further avers that he has been denied access to these records. Relator requests that this court compel respondent to permit relator "to review and inspect" the automobile titles.

By entry dated April 29, 1997, this court granted respondent's motion for extension of time to answer or otherwise respond to May 21, 1997. Respondent has not made any filing since this court granted the motion for extension of time.

Respondent is in default. Civ.R. 55(D) provides:

"No judgment by default shall be entered against this state, a political subdivision, or officer in his representative capacity or agency of either unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."

In *State ex rel. Shimola v. Cleveland* (1994), 70 Ohio St.3d 110, 637 N.E.2d 325, the Supreme Court held that a default judgment could be entered against a governmental unit if the three criteria for mandamus are met. *Shimola* was cited in *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 448–449, 663 N.E.2d 639, 641, for the following proposition: "[W]hen the respondent is a state officer * * * who is sued in his representative capacity, courts must look beyond simple admissions resulting from the failure to timely serve a responsive pleading." In order to enter a default judgment, therefore, this court must determine that there has been compliance with Civ.R. 55(D).

In *State ex rel. Patterson v. Ayers* (1960), 171 Ohio St. 369, 14 O.O.2d 116, 171 N.E.2d 508, the relator sought a writ of mandamus compelling respondent, the Registrar of Motor Vehicles, to permit relator "access to and inspection of the records pertaining to the registration number of a certain motor vehicle." *Id.* at 370, 14 O.O.2d at 116, 171 N.E.2d at 508. The Supreme Court held that mandamus lies to compel inspection of the one record.

The analysis in *Patterson* included consideration of R.C. 4505.14, which provides, in part:

"The registrar of motor vehicles, or the clerk of the court of common pleas, upon the application of any person and payment of the proper fees, may prepare and furnish lists containing title information in such form and subject to such territorial division or other classification as they may direct. The registrar or the clerk of the court motor vehicles and the clerk and make reports thereof, and make copies of their title information and attestations thereof."

This provision remains substantially unchanged from that quoted in *Patterson* with the exception of the addition of the clerk of the court of common pleas.

In his complaint, relator states that respondent would require that relator pay $2 for a copy of each search. Attached to the complaint is a letter from an assistant prosecuting attorney to respondent in which the prosecuting attorney states that the General Assembly directed respondent to charge the $2 fee. See R.C. 4505.14(B). As a consequence, the prosecuting attorney concludes that this procedure is proper. We disagree.

Our review of the complaint and relator's affidavit in support of the complaint indicates that the complaint states a claim. As noted above, R.C. 4505.14 is now

controlling with respect to respondent as well as the registrar of motor vehicles. Likewise, the holding of *Patterson* governs relator's request.

No one disputes that the records in question are public records. R.C. 149.43(B) provides, in part, "All public records shall be promptly prepared and made available for *inspection to any person at all reasonable times during regular business hours.*" (Emphasis added.) Relator states that he only wishes "to review and inspect" the automobile titles. As a consequence, R.C. 149.43 and *Patterson* require that respondent accommodate this request even if the request "would cost too much and take too long and interfere with the normal work of the respondent and his employees." *State ex rel. Beacon Journal Publishing Co. v. Andrews* (1976), 48 Ohio St.2d 283, 289, 2 O.O.3d 434, 437, 358 N.E.2d 565, 569 (Mandamus is appropriate to compel the registrar of the bureau of motor vehicles to make available for inspection computer printouts regarding drivers who have received cumulative points in excess of the statutory limits and the steps taken to cause suspension of those drivers' licenses.).

Accordingly, relator's request for relief in mandamus is well taken. Respondent shall make available for inspection the two automobile titles which relator wishes to review. Respondent is to pay costs.

*Writ allowed.*

DAVID T. MATIA and PATTON, JJ., concur.