[Cite as *Haney v. Cleveland*, 2018-Ohio-3649.]

| | |
|---|---|
| PATRICK C. HANEY | Case No. 2017-00720PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | REPORT AND RECOMMENDATION |
| CITY OF CLEVELAND, DEPARTMENT OF LAW | |
| Respondent | |

{¶1} On July 21, 2017, requester Patrick Haney sent a letter to respondent City of Cleveland, Department of Law, Public Records Administrator ("City" or "PRA") making eight numbered requests to inspect records. (Complaint, Exhibit 1.) On August 4, 2017, Haney sent a request for an update, and on August 7, 2017, the PRA advised that it was in the process of gathering responsive records and would contact Haney once the documents were available. (Complaint, Exhibit 2.) Haney followed up again on August 14, 2017, and the PRA responded that "additional time is needed to complete your records request." (*Id.*) Haney sent a second email on August 14, 2017, and another on August 17, 2017, to which the PRA did not respond. (*Id.*)

{¶2} On August 25, 2017, Haney filed a complaint under R.C. 2743.75 alleging denial of timely access to public records by the City in violation of R.C. 149.43(B). The parties engaged in seven court mediation sessions. On September 25, 2017, and May 11, 2018, the City provided Haney with records responsive to requests Nos. 1-6. (Reply at 2.) On June 8, 2018, the court was notified that the case had not been fully resolved in mediation. On June 21, 2018, the City filed an answer (Response) stating that requests Nos. 1-6 had been rendered moot, and denying requests Nos. 7 and 8 as overly broad. On July 30, 2018, Haney filed a reply accepting that he had received records responsive to requests Nos. 1-6, and voluntarily dismissing the complaint with

respect to requests Nos. 7 and 8. (Reply at 1.) In the sole remaining claim, Haney alleges that the City did not produce records promptly as required by R.C. 149.43(B)(1).

**Suggestion of Mootness**

{¶3} A public office may produce records prior to the court's decision, and thereby render a claim for production under R.C. 149.43(B)(1) moot. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 18-22. The parties agree that the City produced the records responsive to requests Nos. 1-6 during mediation. I conclude that the claims as to requests Nos. 1-6 are moot.

**Failure to Provide Records Promptly**

{¶4} An office must promptly prepare requested public records for inspection. R.C. 149.43(B)(1). "Promptly" means "without delay and with reasonable speed" and its meaning "depends largely on the facts in each case." *State ex rel. Wadd v. Cleveland,* 81 Ohio St.3d 50, 53, 689 N.E.2d 25 (1998). The analogous term "reasonable period of time" in the same division of the statute is also evaluated based on the facts and circumstances of each case, including whether a request is improper from the outset. *State ex rel. Shaughnessy v. Cleveland*, 149 Ohio St.3d 612, 2016-Ohio-8447, 76 N.E.3d 1171, ¶ 8-22. This contextual test rejects the notion that a public office must respond to all requests within any arbitrary number of days. *Id*. at ¶ 14-15. However, the statute does not require a public office to withhold readily available and fully processed records while the office processes more difficult, voluminous, or disputed parts of the request. *See State ex rel. Cavanaugh v. Cleveland*, 8th Dist. Cuyahoga No. 96116, 2011-Ohio-3840, ¶ 45 (example of "rolling release" of records.) Nor does the fact that a public office deals with many other public records requests excuse unreasonable delay.

> Respondents emphasize that Cleveland faces a "volume of reports that would undoubtedly overwhelm * * * smaller communities." These assertions, however, do not absolve respondents' failure to act with the requisite promptness in preparing and providing access to accident reports because "'no pleading of too much expense, or too much time involved, or too much interference with normal duties, can be used by the

> respondent to evade the public's right to inspect and obtain a copy of public records within a reasonable time.'" *State ex rel. Fox v. Cuyahoga Cty. Hosp. Sys.* (1988), 39 Ohio St.3d 108, 111, 529 N.E.2d 443, 446, quoting *State ex rel. Beacon Journal Publishing Co. v. Andrews* (1976), 48 Ohio St.2d 283, 289, 2 Ohio Op.3d 434, 437, 358 N.E.2d 565, 569.

*State ex rel. Wadd v. City of Cleveland*, 81 Ohio St.3d 50, 53-54, 689 N.E.2d 25, 28-29 (1998). In the *Andrews* case cited by *Wadd*, the Supreme Court emphasized the quoted language with the sentence immediately following:

> No pleading of too much expense, or too much time involved, or too much interference with normal duties, can be used by the respondent to evade the public's right to inspect and obtain a copy of the public records within a reasonable time. *The respondent is under a statutory duty to organize his office and employ his staff in such a way that his office will be able to make these records available for inspection and to provide copies when requested within a reasonable time.*

(Emphasis added.) *Andrews, supra. See also* R.C. 149.43(B)(2). ("[A] public office * * * shall organize and maintain public records in a manner that they can be made available for inspection or copying in accordance with division (B) of this section."). The City provided the first responsive records in this matter on September 25, 2017 – 67 days after Haney's July 21, 2017 request.[1]

{¶5} Request No. 1 was for the personnel files of four named employees. Requests for personnel files are commonplace, and the City's responsive records should have been provided in far less than 67 calendar days. *State ex rel. Davis v. Metzger*, 139 Ohio St.3d 423, 2014-Ohio-2329, ¶ 7-12 (personnel files of six employees produced in three business days); *State ex rel. Zidonis v. Columbus State Cmty. College*, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861, ¶ 16-26, 45 (personnel

---

[1] It is unclear to which requests the records produced on this date were responsive. On the state of the evidence, the court can only be certain that September 25, 2017 is the earliest the City may have produced the requested personnel files.

files produced in three to nine days).[2] The City has submitted no evidence that request No. 1 involved unusual facts or circumstances that delayed retrieval or review. *See, e.g.*, *State ex rel. Patituce v. Cleveland*, 2017-Ohio-300, 81 N.E.3d 863, ¶ 2-10 (8th Dist.) (personnel files of police officers contain more information subject to review and redaction).

{¶6} As a factor complicating response, the City asserts that requests Nos. 7 and 8 were improperly ambiguous and overly broad, and for purposes of this argument the court assumes that those requests were ambiguous or overly broad. However, while voluntary efforts to satisfy a requester's improper requests may justify additional response time, *Shaughnessy, supra*, I find that the City has not shown facts or circumstances that would reasonably delay production of the four employees' personnel files for 67 days. I conclude that the City failed to produce the personnel files "promptly," in violation of R.C. 149.43(B)(1).

### Failure to Respond to Ambiguous and Overly Broad Requests Promptly and With Required Information

{¶7} On the face of the pleadings, the City also violated its statutory obligation to respond promptly and adequately to the requests it believed were ambiguous or overly broad. When such a request is denied, R.C. 149.43(B)(2) requires the public office to

> provide the requester with an opportunity to revise the request by informing the requester of the manner in which records are maintained by the public office and accessed in the ordinary course of the public office's or person's duties.

The City alleges that requests Nos. 7 and 8 were improperly ambiguous and overly broad. Accepting this assertion for the purposes of evaluating the City's response, I find that the City had a duty to provide the opportunity and information required by R.C. 149.43(B)(2) in a timely manner. However, the City's initial correspondence

---

[2] Neither *Metzger* nor *Zidonis* create a requirement that personnel records be produced within a set number of days - only that under the facts and circumstances of those cases the response time was not unreasonable.

contained no offer of information supporting an opportunity to revise the request. (Complaint, Exh. 2.) The City raised the defense of ambiguity and overbreadth in its response to the complaint on June 21, 2018, and neither party asserts that denial on this basis and attempts at revision occurred any earlier than the first mediation session on November 14, 2017. This delay in denying the requests, and providing the required opportunity and information, constitutes a violation of R.C. 149.43(B)(2).

{¶8} To be sure, the attorney-requester in this case was not lacking in prior knowledge regarding the law concerning overly broad requests, or practical knowledge of the manner in which public offices maintain and access records. A requester's demonstrated ability to craft other, proper requests can show that the requester already possesses information necessary to revise and narrow his request. *Zidonis* at ¶ 37. However, in the absence of the City's timely compliance with R.C. 149.43(B)(2), the parties made July 21, 2017 through August 25, 2017 a two-month period of missed opportunity for pre-litigation resolution. Requester had the knowledge and expertise to make narrower requests, but did not. Respondent had the knowledge and experience to promptly deny overly broad requests, invite revision, and offer explanation of how the office's records are maintained and accessed, but did not. Had those available or required actions been taken, they could have been followed by timely provision of City records as they were processed, and timely explanation for any withholding. If matched by reasonably revised requests for records, and realistic expectations of the time needed to satisfy the more voluminous parts of the requests, the parties might easily have obviated some or all of the claims herein.

{¶9} The Public Records Act requires parties to cooperate with the goal of identifying the specific records sought while minimizing the burden on the public office. The parties are encouraged to fully utilize the tools provided by R.C. 149.43(B)(2) through (7) in negotiating future requests. Early cooperation can result in timely, mutually satisfactory revision of overly broad requests, and is favored by the courts. *See*

*State ex rel. Morgan v. Strickland,* 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 15-20.

**Conclusion**

{¶10} Upon consideration of the pleadings and attachments, I recommend the court find that all of Haney's public records requests have been rendered moot or were voluntarily dismissed. Accordingly, I recommend that the court issue an order denying the claim for production of records. I further recommend that the court find the City failed to promptly provide records in response to request No. 1, and failed to timely provide the opportunity and information statutorily required in response to allegedly ambiguous and overly broad requests Nos. 7 and 8. I recommend court costs be shared equally by the parties.

{¶11} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____
JEFFERY W. CLARK
Special Master

**Filed August 2, 2018**
**Sent to S.C. Reporter 9/10/18**