[Cite as *Jones v. Dept. of Youth Serv.*, 2023-Ohio-4441.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| MARCUS JONES | Case No. 2023-00633PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| DEPARTMENT OF YOUTH SERVICES | |
| Respondent | |

{¶1} This matter is before the special master for a R.C. 2743.75(F) report and recommendation. He recommends that: (1) Respondent be ordered to produce unredacted copies of pp. 779, 779, 784-786, 791-793, 858-860, and 864-866 of Exhibit 9 of *Respondent's Evidence*; (2) Requester recover his filing fee and costs; (3) Respondent bear the balance of the costs of this case; and (4) that all other relief be denied.

**I. Background**.

{¶2} Requester Marcus Jones made public records requests to the Department of Youth Services ("DYS"), the Respondent here, in October of 2022. DYS timely acknowledged the requests, but produced nothing in response until October of 2023, after this case was filed. At that time DYS filed and served 1,417 pages of records, many of which were redacted. DYS has also indicated that it has additional video records that are responsive, but that cannot be produced until they are redacted. Those video records remain unproduced. *Complaint*, filed September 26, 2023, pp. 5, 15, 25-27, 29, 71; *Respondent's Evidence*, filed October 25, 2023, Exhibit 11, ¶¶ 7, 8, 10, 21, 22, 25, 26.

{¶3} Mediation was not ordered in this case because it would add to the already lengthy delay in resolving Jones' requests. A schedule was set for the submission of unredacted records for in camera review, evidence, and memoranda supporting the parties' position. That schedule has run its course, and the case is ripe for decision. R.C.

2743.75(E)(3)(c); *Scheduling Order* entered October 3, 2023; *Order*, entered October 25, 2023; *Order*, entered November 7, 2023.

**II. Analysis**.

> **A.  Requester's claim for production of records is moot as to the unredacted records produced after this case was filed**. **It remains alive as to the redacted and video records.**

{¶4} "In general, the provision of requested records to a [requester] in a public-records *** case renders the *** claim moot." *State ex rel. Cincinnati Enquirer v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8. A public records case can be mooted by the respondent producing the responsive records during the course of the litigation. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶¶ 17-18, 22. Those principles compel the conclusion that Jones' claim for production of records is moot as to the unredacted records DYS has served on him in connection with this case.

{¶5} Jones' claim for production remains alive in two respects. The first is with regard to the propriety of the redactions to the records DYS produced. The second is as to the still unproduced video records.

> **B.  Respondent has met its burden of proving the propriety of most, but not all, of its redactions**.

{¶6} DYS asserts four bases for its redactions. Most are based on R.C. 5139.05(D). Others are based on R.C. 149.43(A)(1)(p), the attorney-client privilege, and R.C. 149.433.

{¶7} A public office asserting an exemption from its general duty to provide access to public records bears "the burden of production *** to plead and prove facts clearly establishing the applicability of the exemption." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 27 (internal punctuation omitted). See also, *Id*. at ¶¶ 35, 54. That burden must be carried with "competent, admissible evidence[.]" *Id*. at ¶¶ 53, 77. "Unsupported conclusory statements in an affidavit are insufficient." *Id*. at 35.

{¶8} Courts determine whether an office has met that burden by conducting "an individualized scrutiny of the records in question." *Id.* at ¶ 29. That usually requires in camera review of the disputed records. *State ex rel. Besser v. Ohio State Univ.*, 87 Ohio St.3d 535, 541-542, 721 N.E.2d 1044 (2000). The public office must produce extrinsic evidence if the applicability of the exemption is "not obviously apparent and manifest just from the content of the record itself[.]" *Welsh-Huggins*, 163 Ohio St.3d 337, ¶ 35. See also *id.* at ¶¶ 30, 50, 53.

{¶9} The office must make a strong showing to meet its burden. It "does not meet this burden if it has not proven that the requested records fall squarely within the exception," and the courts "resolve any doubt in favor of disclosure." *Id.* at ¶¶ 27, 63 See also *id.* at ¶¶ 50, 63. Given that, "it is not enough to say that a record is *probably* within a statutorily prescribed exemption[.]" *Id.* at ¶ 63 (Emphasis sic.).

### 1. The redactions based on R.C. 5139.05(D) are valid.

{¶10} R.C. 5139.05(D) provides that records "maintained by the department of youth services pertaining to the children in its custody *** shall not be considered 'public records,' as defined in section 149.43 of the Revised Code." The phrase "pertaining to" is synonymous with relating to or concerning. *State ex rel. Keller v. Forney*, 108 Ohio St. 463, 467, 141 N.E. 16 (1923), but the principle that exemptions from public record status are to be narrowly construed, *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, ¶ 10, requires that the record pertain to specific children.

{¶11} DYS filed a table identifying which of the redactions were based on R.C. 5139.05(D) and the corresponding unredacted copies of those records filed for in camera review. *Table,* filed November 15, 2023. A comparison of the redacted records to their unredacted counterparts indicates that all redactions based on R.C. 5139.05(D) do indeed concern specific children in DYS' custody. That is evident from the face of those records themselves. DYS has therefore carried its burden of proof regarding these redactions.

### 2. The redactions based on R.C. 149.43(A)(1)(p) are valid.

{¶12} R.C. 149.43(A)(1)(p) excepts "[d]esignated public service worker residential and familial information" from the class of public records. R.C. 149.43(A)(7) identifies DYS employees as designated public service workers. R.C. 149.43(A)(8) identifies protected information as including "any information that discloses any of the following about a designated public service worker:

*\*\**

(d) The name of any beneficiary of employment benefits, including, but not limited to, life insurance benefits, provided to a designated public service worker by the designated public service worker's employer;

*\*\**

(f) The name, the residential address, the name of the employer, the address of the employer, the social security number, the residential telephone number, any bank account, debit card, charge card, or credit card number, or the emergency telephone number of the spouse, a former spouse, or any child of a designated public service worker[.]"

{¶13} A review of the records redacted pursuant to these statutes reveals that the redactions to pp. 279-283, 286-289, and 770-775 of Exhibit 9 in *Respondent's Evidence* obscure the names of multiple DYS employees and that those records disclose those employees' Family and Medical Leave Act balances and usage. That information was properly redacted pursuant to R.C. 149.43(A)(8)(d) because Family and Medical Leave is a benefit within the meaning of that statute. That review also reveals that the redactions to pp. 961-966 of Exhibit 9 in *Respondent's Evidence* obscure the personal telephone numbers of multiple DYS employees. That information was properly redacted pursuant to R.C. 149.43(A)(8)(f).

**3. The redaction based on attorney-client privilege fails for want of proof**.

{¶14} A party claiming the attorney-client privilege has the burden of proving that the privilege applies. *Westfield Ins. Group v. Silco Fire & Sec.*, 5th Dist. Stark No. 2018CA00122, 2019-Ohio-2697, ¶ 47; *MA Equip. Leasing I, LLC v. Tilton*, 2012-Ohio-4668, 980 N.E.2d 1072 (10th Dist.), ¶ 21. That requires proof of every element of the

privilege. *Cincinnati Enquirer v. Hamilton Cty. Bd. of Commrs.*, Ct. of Cl. No. 2019-00789PQ, 2020-Ohio-4856, ¶ 20, adopted 2020-Ohio-5281.The privilege applies:

> "'(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.'" *State ex rel. Lanham v. DeWine*, 135 Ohio St.3d 191, 2013-Ohio-199, 985 N.E.2d 467, ¶ 27.

{¶15} DYS asserts that p. 779 of Exhibit 9 of *Respondent's Evidence* is protected by the attorney-client privilege and hence exempted from disclosure by R.C. 149.43(A)(1)(v). A review of the unredacted version of that record reveals that none of the elements of the privilege are obvious from its face. DYS has offered no extrinsic evidence establishing those elements. DYS has therefore failed to meet its burden of proof regarding that record and should be ordered to produce it.

4. **The redactions based on R.C. 149.433 fail for want of proof, but some are supported by R.C. 1306.23**.

{¶16} DYS claims that multiple records are exempted from production by R.C. 149.433.  That statute exempts infrastructure and security records from production and sets out the defining elements of such records. An office invoking that statute has the burden of proving its applicability. *State ex rel. Rogers v. Dept. of Rehab. & Correction*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶¶ 13, 19. DYS has fallen short of proving R.C. 149.433's applicability, but many of those redactions are independently supported by R.C. 1306.23.

{¶17} The redactions to pp. 784-786 and 791-793, 858-860, and 864-866 of Exhibit 9 in *Respondent's Evidence* obscure the employee numbers of multiple DYS employees. The redactions to pp. 562-571, 719-758, 812-854, and 1030-1078 to that exhibit obscure the usernames of various DYS employees, presumably to their work computers or programs on those computers. Those redactions are not proper under R.C. 149.433 because that type of information is not listed in that statute and DYS has offered no extrinsic evidence or argument bringing that information within the scope of R.C. 149.433.

{¶18} The redactions to pp. 562-571, 719-758, 812-854, and 1030-1078, and 1030-1078 of Exhibit 9 in *Respondent's Evidence* were nonetheless proper under R.C. 1306.23. That statute exempts information from public record status if disclosure "would jeopardize the state's continued use or security of any computer *** services associated with *** electronic transactions[.]" Disclosure of a username could jeopardize state computers and computer services. The interface of a DYS employee, or a third party with access to an employee's username, and DYS via a DYS computer/program is a "transaction" within the meaning of R.C. 1306.01(L) and (P). Those usernames are therefore exempted from public record status by R.C. 1306.23. The court has discretion to apply this exception even though DYS did not urge it because that would further the public's interest in maintaining the security of DYS' computer systems. See *State ex rel. Clark v. Toledo*, 62 Ohio St.3d 452, 454, 584 N.E.2d 662 (1992).

## C.  Respondent has grossly violated R.C. 149.43(B)(1)'s requirement of timely production.

{¶19} R.C. 149.43(B)(1) mandates that upon request, "all public records responsive to the request shall be promptly *** made available for inspection to the requester at all reasonable times during regular business hours." It further requires that when requested, the "public office *** shall make copies *** available *** within a reasonable period of time." An office's compliance with those requirements is evaluated based on the facts and circumstances of the request. *State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 10; *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, 123 N.E.3d 887, ¶ 16.

{¶20} The facts and circumstances of this case clearly and convincingly establish that DYS violated those requirements. Jones' requests were made on October 2 and 28, 2022. Despite multiple inquiries, DYS, produced nothing until October 23, 2023, after this case was filed. That extraordinary delay dwarfs delays other courts have found to be unreasonable. See *State ex rel. Ware v. Bur. of Sentence Computation*, 10th Dist. Franklin No. 21AP-419, 2022-Ohio-3562, ¶ 17 (collecting cases). See also *Staton v. Village of Timberlake*, Ct. of Cl. No. 2023-00128PQ, 2023-Ohio-1860, ¶ 13, adopted 2023-Ohio-2322. ("Courts are more likely to find a delayed production unreasonable if it

occurs after litigation commenced"). DYS attempts to justify that delay by pointing to inadequate staffing and computer resources to deal with the redaction of video records, but that fails on two levels.

{¶21} First, that does nothing to justify DYS' almost one-year delay in producing the non-video records. DYS' evidence regarding its problems with video redaction tells us nothing about why it could not produce other types of records. Further, the volume of the non-video records is not so extensive, and the review/redaction issues are not so difficult, as to justify an almost 1-year delay.

{¶22} Second, the precedents reject DYS' justification for its delays processing video records. That justification is that DYS lacks the resources to timely redact video records.  However, no "pleading of too much expense, or too much time involved, or too much interference with normal duties, can be used by the respondent to evade the public's right to inspect and obtain a copy of public records within a reasonable time." *State ex rel. Beacon Journal Pub. Co. v. Andrews*, 48 Ohio St.2d 283, 289, 358 N.E.2d 565 (1976). "The respondent is under a statutory duty to organize [its] office and employ [its] staff in such a way that [the] office will be able to make these records available for inspection and to provide copies when requested within a reasonable time." *Id.*

### D. Relief.

{¶23} Jones is entitled to two types of relief.

{¶24} First, he is entitled to production of unredacted copies of the records subjected to unsupported redactions. Those redactions were made to pp. 779, 784-786, 791-793, 858-860, and 864-866 of Exhibit. 9 of *Respondent's Evidence*.

{¶25} Second, Jones is entitled to recover his filing fee and other costs in this case. R.C 2743.75(F)(3) entitles a requester aggrieved by a violation of R.C. 149.43(B) to recover his filing fee and costs. The improper redactions just discussed and DYS' unjustified delay in producing records violated R.C. 149.43(B) and Jones was aggrieved by those violations.

### III.    Conclusion.

{¶26} In light of the foregoing, the special master recommends that:

- Respondent be ordered to produce unredacted copies of pp. 779, 779, 784-786, 791-793, 858-860, and 864-866 of Exhibit 9 of *Respondent's Evidence*;

- Requester recover his filing fee and costs;

- Respondent bear the balance of the costs of this case;

- All other relief be denied.

{¶27} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

TODD MARTI
Special Master

**Filed November 30, 2023**
**Sent to S.C. Reporter 12/7/23**