[Cite as *Law Office of Josh Brown, L.L.C. v. Ohio Secretary of State*, 2024-Ohio-819.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| THE LAW OFFICE OF JOSH BROWN LLC | Case No. 2023-00510PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>DECISION AND ENTRY</u> |
| OHIO SECRETARY OF STATE | |
| Respondent | |

{¶1} In this public-records case, Respondent objects, in part, to a Special Master's Report and Recommendation. Requester opposes Respondent's objections. The Court overrules Respondent's objections for reasons that follow.

## I. Background

{¶2} Requester filed a public-records complaint in which Requester alleges that Respondent refused Requester's public-records requests because the requests were "overly broad." In a public-records request of June 28, 2023, Requester sought "copies of any email that meets the following criteria:

1. Includes the word "Blystone"; and

2. Sent or received between May 1, 2022 to December 31, 2022 by Secretary Frank LaRose;

3. Sent or received May 1, 2022 to December 31, 2022 by Secretary of State employee Brian Katz;

4. Sent or received May 1, 2022 to December 31, 2022 by Secretary of State employee Jason Long;

5. Sent or received May 1, 2022 to December 31, 2022 by any other Secretary of State employee email."

(Attachment to Complaint, Email dated July 24, 2023 from Julia Lawrence to Josh Brown.) Requester also asked Respondent to "confirm whether any of the following individuals have text message communications, on personal or office phones, including the word "Blystone" from May 1, 2022 to December 31, 2022: Secretary Frank La Rose, Secretary of State employee Brian Katz, and Secretary of State employee Jason Long." (Id.)

{¶3} The Court appointed a Special Master who referred the matter to mediation and stayed filing deadlines. After mediation failed to successfully resolve all disputed issues between the parties, the matter was returned to the Special Master's docket.

{¶4} On November 29, 2023, the Special Master issued a Report and Recommendation (R&R). The Special Master determined that Requester's first request was not overbroad and that Requester's second request sought information rather than records. The Special Master recommends that:

A. Respondent be ordered to produce all emails responsive to Requester's first public records request;

B. Requester recover his filing fee and other costs;

C. Respondent bear the balance of the costs in this case;

D. All other relief be denied.

(R&R, 8.)

{¶5} On December 11, 2023, Respondent, through counsel, filed written objections to the Report and Recommendation and sent a copy of its objections by means of certified mail to Requester.

## II. Law and Analysis

{¶6} The General Assembly has created an alternative means to resolve public-records disputes through the enactment of R.C. 2743.75. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11. *See* R.C. 2743.75(A). Under Ohio law a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 8th Dist. Cuyahoga No. 110315, 2021-Ohio-4210, ¶ 16, citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). *See Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d

337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 32.  It is a requester's burden to prove, by clear and convincing evidence, that the requested records exist and are public records maintained by a respondent.  *See State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 8.

{¶7} A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record.  *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus.  In *Jones-Kelley*, the Ohio Supreme Court held:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. (*State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006 Ohio 6714, 859 N.E.2d 948, P 30, followed.)

*Jones-Kelley* at paragraph two of the syllabus.


### A.  Respondent presents two objections for review.

{¶8} Pursuant to R.C. 2743.75(F)(2), any objection to a report and recommendation "shall be specific and state with particularity all grounds for the objection."  Respondent presents the following objections for the Court's consideration:


**Objection 1: The Special Master erred in finding in Mr. Brown's favor when Mr. Brown failed to satisfy his burden of proving all elements of his claim by clear and convincing evidence.**


**Objection 2: The Special Master erred in concluding that part one of Mr. Brown's request is not overly broad and recommending that the Secretary's Office produce all emails responsive to the first part of Mr. Brown's request.**

**B. Respondent's first objection is overruled.**

{¶9} In the first objection, Respondent maintains that the Special Master erred in finding that Requester satisfied its burden to prove all elements of his claim by clear and convincing evidence.

{¶10} The Ohio Supreme Court has explained that "the direction in R.C. 2743.75(F)(1) for 'the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint' suggests that public-records-access proceedings in the Court of Claims be consistent with the standards that are applicable to mandamus-enforcement actions." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 32. In mandamus-enforcement actions, it is a relator's burden to prove, by clear and convincing evidence, that the requested records exist and are public records maintained by a respondent. *See State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 8. The Ohio Supreme Court has held that "clear and convincing evidence" "is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶11} A review of the Report and Recommendation discloses that it does not contain an explicit finding by the Special Master whether Requester satisfied its burden to prove its claims by clear and convincing evidence. However, because the Special Master ultimately recommended that Respondent be ordered to produce all emails responsive to Requester's first request, the Special Master implicitly found that Requester satisfied his burden of proof.

{¶12} Despite Respondent's contention that Requester's first request lacks reasonable clarity, in the Court's view, Requester identified with reasonable clarity the records that he sought. *State ex rel. Horton v. Kilbane*, 167 Ohio St.3d 413, 2022-Ohio-205, 194 N.E.3d 288, ¶ 19, quoting *State ex rel. Morgan v. City of New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 29, 37 ("we have 'never held that in

order to constitute a viable request, the requester must specify the author and date of the records requested,' nor have we 'require[d] perfection in public-records requests'").

{¶13} Accordingly, Respondent's contention that Requester failed to satisfy his burden of proving all elements of his claim by clear and convincing evidence is unpersuasive. Respondent's first objection is overruled.

### C. Respondent's second objection is overruled.

{¶14} In Respondent's second objection, Respondent maintains that the Special Master erred in concluding that Requester's first request is not overly broad and in recommending Respondent produce all emails responsive to Requester's first request. In support, Respondent urges that the "three qualifiers identified in the first part of the request do not provide enough information to allow the Secretary's Office to identify records based on the way the Secretary's Office organizes and accesses email records" (Objections, 10), and the Special Master "erred in conflating the search capabilities of the Secretary's Office with 'burden.'" (Objections, 11.) Respondent states: "At bottom, the Secretary's Office denied the first part of Mr. Brown's request because it could not run the open-ended searches without risking stalling the office server. This is not that same as generally claiming burden or difficulty. The Special Master erred in conflating these issues." (Objections, 14.)

{¶15} In reading Requester's first public records request, the Court understands the word "and" in the first criterion to effectively combine that criterion with each of the other criteria. Accordingly, the complete request expressed by the second criterion is rendered to be: Any emails that include the word "Blystone" and were sent or received between May 1, 2022 to December 31, 2022 by Secretary Frank LaRose. In this way, there are a total of four requests made in Requester's first public records request.

{¶16} In common usage the term "overbroad" may be defined as "too widely applicable or applied : excessively broad." https://www.merriam-webster.com/dictionary/overbroad (accessed December 13, 2023). Here, however, Respondent suggests that it is not possible for Respondent to fulfill Requester's first request due to limitations with retrieving emails. *See* Exhibit A to Response Brief of Respondent filed on November 6, 2023, Affidavit of Julia Lawrence, Asst. Chief Legal

Counsel, Office of Ohio Secretary of State Frank LaRose, at ¶ 7.[1]  Such a suggestion is distinguishable from a claim of overbreadth.

{¶17} In the Report and Recommendation, the Special Master addressed Respondent's contention (the same contention that Respondent now raises in its objections) in this manner:

> *The sufficiency of these requests is not changed by the Secretary's assertion that its computer systems have difficulty retrieving emails without the names of both the senders and recipients.* That is true on several levels.
>
> Logically, that does not go to the breadth of this request. The limitations of the Secretary's systems do not change the fact that this request provides sufficient boundaries to readily identify the limited set of records sought. That triggered the Secretary's duties under R.C. 149.43(B)(1), regardless of the Secretary's asserted difficulties fulfilling those duties.
>
> Statutorily, the Secretary's analysis is at odds with the plain language of R.C. 149.43(B)(2). Although that statute authorizes offices to deny unclear requests (those that are "ambiguous," "overly broad," or otherwise fail to "reasonably identify what public records are being requested"), it nowhere authorizes an office to reject an otherwise clear request because of the limitations of the office's records management systems. The legislature could have added language making that a basis to deny an otherwise sufficient request, but it did not. To the contrary, R.C. 149.43(B)(2) mandates that offices "shall organize and maintain public

---

[1]     Assistant Chief Legal Counsel Julia Lawrence avers at paragraph 7 of her affidavit:

> The Secretary of State's Office denied part one of Mr. Brown's request as overly broad.  I explained that the Office was unable to respond because the request failed to identify both senders and recipients of the requested emails.  Based on the way the Office organizes and maintains its email records, the Office is unable to efficiently search employee emails, even with a time parameter and search term, without an identified sender or recipient on each end of the emails.  The Office must have both sender and recipient information to respond to a request for email records.  The Office's record retrieval software has stalled when the Office attempted to run such broad searches in the past.

records in a manner that they can be made available for inspection or copying[.]"

(Emphasis sic.) (R&R, 4.)

{¶18} The Court agrees with the reasoning of the Special Master. Moreover, the Court is not persuaded by Respondent's claims that case law relied upon by the Special Master is inapposite. Notably, the Ohio Supreme Court has stated:

> "No pleading of too much expense, or too much time involved, or too much interference with normal duties, can be used by the respondent to evade the public's right to inspect and obtain a copy of the public records within a reasonable time." *State ex rel. Beacon Journal Publishing Co. v. Andrews* (1976), 48 Ohio St. 2d 283, 2 O.O.3d 434, 358 N.E.2d 565. In fact, although the board refers to the potential expenditure of "tens of thousands of dollars," it has not introduced evidence to support this sum. Moreover, *insofar as the e-mails still exist on the commissioners' computers, they remain public records, and the board has a duty to organize and maintain them in a manner in which they can be made available for inspection and copying. R.C. 149.43(B)(2)*; *Dispatch Printing*, 90 Ohio St.3d at 41, 734 N.E.2d 797 (as long as a public record is kept by government agency, it does not lose its status as public record).

(Emphasis added.) *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 36.

{¶19} Here, insofar as the requested emails still exist on Respondent's computers, they remain public records, and Respondent has a duty to organize them and maintain them in a manner in which they can be made available for inspection and copying. *See State ex rel. Toledo Blade Co.* at ¶ 36. As the Ohio Supreme Court has explained:

> The Ohio Public Records Act grants the "substantive right to inspect and copy public records." *State ex rel. Beacon Journal Publishing Co. v. Waters* (1993), 67 Ohio St.3d 321, 324, 1993 Ohio 77, 617 N.E.2d 1110. In enacting the act, the Ohio General Assembly sought to codify the right of the people of Ohio to observe their own government and scrutinize its decisions. *Kish v. Akron*, 109 Ohio St. 3d 162, 2006 Ohio 1244, ¶ 16-17,

846 N.E.2d 811.   The purpose of providing public access to government documents and records "is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *Natl. Labor Relations Bd. v. Robbins Tire & Rubber Co.* (1978), 437 U.S. 214, 242, 98 S.Ct. 2311, 57 L.Ed.2d 159.   Thus, the act protects the general right of the people of Ohio to monitor the decisions of their own government through the more specific right to freely access public records.

*Rhodes v. City of New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, ¶ 19.

{¶20} Accordingly, for reasons set forth above, Respondent's second objection is overruled.

### III.     Conclusion

{¶21} For the above stated reasons, Respondent's objections are overruled, and the Special Master's Report and Recommendation is adopted.   In accordance with the Special Master's recommendations, the Court ORDERS Respondent to produce all emails responsive to Requester's first public records request.   Requester is entitled to recover from Respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by the Requester, excepting attorney fees.   Court costs are assessed against Respondent.   All other requested relief is denied. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed February 6, 2024**
**Sent to S.C. Reporter 3/7/24**